UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER DANIEL BROWN,

       Plaintiff,

v.                                                                                               Case No. 19-C-1302

MILWAUKEE COUNTY SHERIFF'S DEPARTMENT, et al.,

       Defendants.

## SCREENING ORDER

The plaintiff, who was incarcerated at the Milwaukee County House of Corrections at the time of filing, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Although the plaintiff is no longer incarcerated, he remains subject to the requirements of the Prison Litigation Reform Act (PLRA) because he was incarcerated at the time he filed his complaint. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the plaintiff pay an initial partial filing fee. The plaintiff has been assessed an initial partial filing fee of $72.00. On October 2, 2019, the plaintiff filed a motion for an extension of time to pay the initial partial filing fee, and subsequently paid the initial partial filing fee of $72.00 on October 15, 2019. The court therefore denies the plaintiff's motion for an extension of time as moot and grants the motion to proceed without prepayment of the filing fee. The plaintiff is still required to pay the remainder of the fee over time as he is able.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

On the evening of June 29, 2019, Brown alleges he was sitting in a park near a wooded area when deputies from the Milwaukee County Sheriff's Department appeared nearby. Brown recognized one of the Defendants, Deputy Jane Doe, from his time in jail and began talking with her.

2

The deputies then left Brown and went into the wooded area. Brown left where he was sitting to walk along a path in the woods. While Brown was walking in the woods, Deputy Jane Doe started to talk to him again. Brown started recording the events at this point. Next, Defendant Nathan Spittlemaster approached Brown and ordered him to leave the wooded area. Brown then told the deputies that he was a citizen and could stand where he wanted. The deputies then arrested Brown on charges of public intoxication and resisting arrest. Brown believes this arrest led to additional unfortunate events resulting in his probation revocation. He also alleges that the criminal complaint filed against him was misleading.

## THE COURT'S ANALYSIS

As an initial matter, the Milwaukee County Sheriff's Department is not a suable entity under 42 U.S.C. § 1983. *See Omegbu v. Milwaukee Cty.*, 326 F. App'x 940, 942 (7th Cir. 2009); *see also Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 679 (E.D. Wis. 1999). The office of the Milwaukee County Sheriff is part of the government of Milwaukee County. *See Johnson v. Milwaukee Cty. Sheriff*, No. 17-CV-1574, 2018 WL 5473050, at *2 (E.D. Wis. Oct. 29, 2018). Therefore, it is "not a legal entity separable from the county government which it serves and is therefore, not subject to suit." *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004); *see also Omegbu*, 326 F. App'x at 942.

Brown has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)). Brown presents only conclusory allegations to the court. He does not dispute that he was publicly intoxicated or that he resisted arrest. Brown asserts that the "illegal

3

action directly lead [sic] to further unfortunate events" that resulted in his probation revocation, but does not specify what the additional events were. Dkt. No. 1 at 4. Brown also claims that Defendants filed a "misleading" criminal complaint against him, but does not describe how it was misleading. *Id.* If Defendants violated his constitutional rights or performed an illegal search, Brown must provide facts supporting such claims. Merely asserting that Defendants violated his freedom of speech and right to peacefully assemble while he was recording their actions is not sufficient for the court to infer that constitutional violations occurred. Therefore, Brown has failed to state a claim against any of the named Defendants. The court will nevertheless provide Brown with an opportunity to file an amended complaint to cure the deficiencies identified herein.

If the plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **November 18, 2019**. Failure to file an amended complaint within this time period may result in dismissal of this action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for an extension of time to pay the initial partial filing fee (Dkt. No. 8) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that on or before **November 18, 2019**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the plaintiff shall pay the $278.00 balance of the filing fee, over time, as he is able. The plaintiff may forward payments to the Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this   18th   day of October, 2019.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court